IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:05-cr-00110 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JAMAR BERNARD WOODY ) | United States District Judge |

**MEMORANDUM OPINION**

Jamar Bernard Woody has moved for relief from his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 223.) The government responded in opposition (Dkt. No. 254), and Woody filed a response to the government's motion (Dkt. No. 256). The court finds that no hearing is necessary on any of the matters raised by Woody. For the following reasons, the court will deny Woody's motion.

I. BACKGROUND

Woody's motion seeks relief from both his federal drug trafficking conviction in 2018 and a related supervised release revocation violation in 2019.

Between May and December 2005, confidential informants made several controlled purchases of cocaine from Woody in the community. (Presentence Investigation Report (PSR) ¶¶ 8–15, Dkt. No. 208.) Woody was indicted on one count of possession with intent to distribute cocaine in November 2005. (Dkt. No. 9.) In July 2006, a second superseding indictment charged Woody with four counts related to cocaine distribution during the relevant period. (Dkt. No. 54.) The government also later filed notice of enhanced punishment based on two prior drug trafficking offense, which would trigger a mandatory life sentence. (PSR ¶ 5.)

Prior to pleading guilty, Woody filed three separate motions to suppress. Specifically, in a motion and supplemental motion, Woody moved to exclude all evidence and statements

derived from the police officers' warrantless search of Woody. (Dkt. Nos. 30, 40.) In another motion, Woody moved to exclude the out-of-court identification for being unduly suggestive. (Dkt. No. 32.) The court denied these motions on August 9, 2006. (Dkt. No. 63.)

Ultimately, Woody pleaded guilty to count four of the second superseding indictment, conspiracy to distribute more than 50 grams of cocaine base, on January 22, 2008. (Plea Agreement, Dkt. No. 122.) The plea agreement provided that upon acceptance, the United States would withdraw previously filed enhancements seeking a mandatory life sentence. (*Id.* 5.) Additionally, the plea agreement contained several waivers, including Woody's waiver of his "right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed" upon him by the court. (*Id.*)

At the plea hearing, the court first inquired about Woody's competency. The court confirmed that Woody had a psychiatric disorder, had been prescribed two medications, which Woody said were effective that day, and medical professionals had deemed Woody competent to proceed. (Plea Hearing Transcript 7–8, Dkt. No. 250.) Further, the court confirmed multiple times with Woody that he understood he was waiving his right to appeal and right to file a collateral attack. (*Id.* 21.) Prior to accepting the plea agreement, the court asked Woody if anyone tried to force, coerce, compel, or otherwise "twist his arm" to plead guilty. (*Id.* 14.) Woody responded no and agreed that pleading guilty is what he felt was "best for [him] and what [was] consistent with the evidence." (*Id.*) Woody also indicated that he understood that he would be held responsible for between 150 and 500 grams of crack cocaine at sentencing. (*See id.* 31–33.) He also expressed guilt, stating that he "[s]old drugs," specifically the equivalent of 150 grams of crack cocaine. (*Id.* 31–32.) The court accepted Woody's plea of guilty.

On April 7, 2008, the court sentenced Woody to 144 months incarceration and a six-year term of supervised release. (Dkt. No. 128.) This sentence represented a downward variance because the court believed that Woody's criminal history was overstated. Woody's term of incarceration was subsequently reduced to 120 months in 2011 pursuant to the Fair Sentencing Act. (Dkt. No. 135.) Woody was released from custody; however, his supervised release was revoked, and he received a 21-month sentence in 2014. (Dkt. No. 151.)

Woody was released again; however, his supervised release was revoked again in 2018 after he was convicted in Virginia state court of malicious wounding. Woody was convicted by a jury, and he received a sentence of eight years' incarceration. On November 8, 2019, this court sentenced Woody to 36 months incarceration to run consecutive to his state sentence.

Approximately ten days later, Woody filed the instant motion pursuant to 28 U.S.C. § 2255. (Dkt. No. 223.) Two days later, Woody appealed this court's November 8, 2019 judgment. (Dkt. No. 225.) Because of Woody's appeal and its potential effect on his § 2255 motion, the court granted the government's motion for a stay as to the § 2255 motion pending a decision on Woody's appeal. (Dkt. No. 237.) The Fourth Circuit affirmed this court's judgment, finding that the court (1) did not abuse its discretion by imposing a consecutive sentence, (2) did not fail to explain the decision to impose a consecutive sentence, and (3) did not fail to adequately weigh Woody's mental health history. *United States v. Woody*, No. 19-4868, (4th Cir. 2020); Dkt. No. 240.

In his § 2255 motion, Woody attacks both his 2008 conviction and his 2019 revocation violation, citing the Fifth Amendment Due Process clause and Sixth Amendment. Woody argues that the underlying conviction suffers from a number of infirmities, including that he was not provided discovery until 2019, the government coerced him to plead guilty to sacrifice various

3

trial rights, the drug weight was overstated, and the government engaged in racial discrimination "to inflame the jury." Woody contends that after looking at discovery in 2019, he "is claiming actual innocence." Regarding his 2019 revocation violation, Woody asserts that this court did not have jurisdiction because his Virginia malicious wounding conviction is invalid, and this court violated federal rules in submitting him to a psychiatric evaluation prior to holding his revocation hearing.

## II. ANALYSIS

### A. Section 2255

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). Because Woody is a pro se litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The scope of a collateral attack under § 2255 is narrower than on appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 578 U.S. 488, 519 (2016) (Alito, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). A failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate "cause and actual prejudice

4

resulting from the errors of which he complains," or "actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010).

Additionally, there is a one-year period of limitation for § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). The record in this case conclusively establishes that Woody is not entitled to relief on any of his claims. The court may address the motion without an evidentiary hearing. The issues involve questions of law, and there are no disputed facts.

**B. 2008 Conviction for Conspiracy to Distribute Drugs**

**1. Woody's Claims are Time Barred and Procedurally Defaulted**

First, it is clear that, without considering Woody's claim of actual innocence, Woody's claims are time barred. Woody was sentenced in April 2008, more than a decade prior to the

filing of the current § 2255 motion. Woody does not allege any reasons for tolling other than his actual innocence. His claims relating to his 2008 conviction are clearly time barred pursuant to § 2255(f).

Second, Woody also procedurally defaulted these claims by not raising them on direct appeal. Woody's failure to raise his claims of sentencing error on appeal is a procedural default even though he was expressly precluded from filing a direct appeal by his plea agreement. *See Jones v. United States*, 2016 WL 1367151, at *3 (E.D. Va. Apr. 5, 2016) (explaining that "errors by the sentencing court in the application of the sentencing guidelines should have been raised on direct appeal"; "cannot be raised in a § 2255 proceeding absent extraordinary circumstances"; and failing to raise the issue on direct appeal is considered a procedural default even where the defendant has waived his right to appeal in his plea agreement). Woody has not established cause or prejudice for his procedural default. His plea agreement barring direct appeal is not "cause" justifying collateral review. *See id.* (citing *United States v. Pipitone*, 67 F.3d 34, 37–38 (2d Cir. 1995)).

Third, even if not time barred and procedurally defaulted, Woody waived his right to appeal and collaterally attack his conviction. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005) ("[B]ecause appeal waivers 'preserve[ ] the finality of judgments and sentences imposed pursuant to valid pleas of guilty,' they 'should be given their proper effect,' and a defendant who waives his right to appeal for the purpose of obtaining concessions from the government 'may not ... ignore his part of the bargain.'") Further, to the extent Woody complains of error at sentencing regarding the calculated drug weight, claims of sentencing error are rarely cognizable on collateral review. Section 2255 "does not allow for a court's consideration and correction of every alleged sentencing error." *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015). If an

alleged sentencing error is "neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* Woody cannot meet this standard because his argument does not present a constitutional or jurisdictional issue.

Woody cannot obtain relief under § 2255 for his claims regarding his 2008 conviction absent a showing of actual innocence.

### 2. Woody's Claim of Actual Innocence

Woody claims that after receiving discovery in 2019, he realized he is "actually innocent." The Supreme Court has recognized a "limited 'actual innocence' exception to certain procedural bars to habeas review." *United States v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the *conviction of one who is actually innocent*, a federal habeas court may grant the writ [of habeas corpus] even in the absence of a showing of cause for the procedural default. *Id.* (emphasis in original). A movant must be actually innocent of his crime of conviction, not of his sentence. *Id.* at 586. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Supreme Court has been clear that "habeas corpus petitions to advance a substantial claim of actual innocence are extremely rare." *Id.* at 327.

As this court has noted, "[a]ctual innocence requires 'factual innocence, not mere legal insufficiency.'" *United States v. Thomas*, No. 7:16-CR-00017-4, 2020 WL 3001050, at *6 (W.D. Va. June 4, 2020) (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "In other

7

words, [Woody] must demonstrate that he 'has been incarcerated for a crime he did not commit.'" *Id.* (citing *Jones*, 758 F.3d at 584). Woody has not made such a showing. Everything in the record suggests that Woody was guilty of the underlying crime of conviction, conspiracy to distribute drugs. While the plea itself provides a basis for that observation, Woody also explicitly admitted to selling drugs in the Roanoke area in excess of the amount for which he was being held responsible at his plea hearing. Woody repeatedly takes issue with the amount of drug weight that was attributed to him; however, this issue does not go to his innocence of the underlying crime of conviction.

Woody mostly takes issue with the government's use of available and applicable sentencing enhancements that were dropped when he pleaded guilty, the government's planned use of jailhouse informants had his case gone to trial, and calculation of the drug weight.[1] None of these issues have merit. The record also belies a suggestion that the government withheld evidence—Woody's attorney filed three motions to suppress evidence, and Woody indicated that his guilty plea was consistent with the evidence.

Woody has not made a showing that he is actually innocent of his 2008 conviction for conspiracy to distribute drugs. His claims with respect to that conviction are both time barred and procedurally defaulted and otherwise without merit.

C.  **2019 Supervised Release Violation and Revocation**

Woody's claims regarding his 2019 supervised release violation are not time barred or procedurally defaulted; however, his claims are without merit.

---

[1] Several of Woody's assertions are incoherent. For example, Woody contends that the government "played the race card" to "inflame the jury" even though Woody did not go to trial.

Woody seems to claim that this court did not have jurisdiction to sentence him because the state conviction for malicious wounding is infirm and the court improperly subjected him to a mental competency evaluation without due process.

Woody presents no evidence that his state court conviction for malicious wounding is infirm. In fact, at the 2019 revocation hearing, Woody's counsel explained, "[Woody] admits and underst[ands] that the violation [] occurred due to the fact that he was found guilty of the offense in Roanoke City Circuit Court." The Fourth Circuit affirmed this court's revocation sentence on appeal. Woody asserts that he is currently in the process of appealing matters from the underlying state case; however, this court has not been provided any evidence that the conviction has been overturned.

This court also had statutory authority pursuant to 18 U.S.C. § 4247 to submit Woody for a psychiatric evaluation to determine his competency prior to proceeding with a revocation hearing. Woody asserts that he was entitled to various provisions of the Federal Rules of Civil Procedure, but he is mistaken.

Neither of the objections Woody asserts to upend his 2019 revocation sentence has merit even with the most generous interpretation. His claims will be denied.

## D. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The court declines to issue a certificate of appealability because Woody has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his claims debatable or wrong.

### III.  CONCLUSION

For the reasons stated above, the court will deny Woody's motion for relief pursuant to § 2255.  (Dkt. No. 223.)  The court will issue the appropriate order.

Entered: July 12, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge